STATE *v.* DVOROVY.

(No. 21010—Decided September 2, 1971.)

Common Pleas Court of Stark County.

*Mr. William C. Jaeck*, assistant prosecutor, for plaintiff.

*Mr. Richard S. Donahey*, for defendant.

CONTIE, J. This cause came on to be heard on the petition of the defendant filed in accordance with R. C. 2953.21 *et seq.*

R. C. 2953.21 in part reads as follows: "Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a verified petition at any time in the court which imposed the sentence stating the grounds for relief relied upon and asking the court to vacate or set aside the judgment or sentence or grant other appropriate relief."

The record in Case Number 19963 shows that the defendant was indicted on or about September 7, 1965, on two counts. The first count alleging a breaking and entering, and the second count of grand larceny.

Case Number 19963 indicates that a plea of guilty was filed to both counts by the defendant and that the defendant was sentenced to an indeterminate term of not less than one nor more than fifteen years to count number 1; and an indeterminate term of not less than one nor more than seven years on count number 2.

The record indicates that the defendant was subsequently paroled on said charges. The record further indicates that Case Number 21010, that the defendant was indicted on or about September 26, 1967, on thirteen counts of breaking and entering and eight counts of grand larceny.

The record further disclosed that on or about February 21, 1968, that the defendant entered a plea of guilty to the thirteen counts of breaking and entering an inhabited dwelling in the day season, and was sentenced to one to five years on each count. He further entered a plea of guilty to grand larceny and was sentenced to one to seven years on each count; and that the defendant was to serve the sentences concurrently.

The record further indicates that Aurel Solomon was court-appointed counsel for the defendant, and that pursuant to advice and counseling with attorney Aurel Solomon, the defendant, entered a plea to the twenty-one counts set forth in the indictment in Case Number 21010.

A hearing was held in accordance with R. C. 2953.21, and attorney Aurel Solomon was called in and questioned by the attorneys and by the court.

At page 44 of the record, in response to an inquiry by Mr. Donahey, Mr. Solomon made the following answer: Question, "At the time that you had conversation with Mr. Dvorvy, I have a little difficulty with the name, did you discuss the merits of each and every one of the counts of the indictment? Did you talk about the merits, whether he committed each and every count of the indictment; what kind of evidence they might have had against him, or do you recall?" Answer, "There were 21 counts, whether we discussed each specifically and in complete detail, I do not know."

The above are the finding of the facts as related in the

hearing before the court. And the following are the conclusions of law:

There is a duty on the part of counsel to thoroughly check and investigate before counsel permits a defendant to enter a plea of guilty to a charge.

"It cannot always be assumed that the presence of counsel automatically insures that the defendant has not been mislead into pleading guilty." *U. S. ex rel. Thurmond, v. Mansusi*, 275 Fed. Supp. 508. The attorney for the defendant was duty bound to investigate each and every charge before permitting his client to enter a plea. Attorney for the defendant clearly indicates that he does not know whther or not he discussed each one of the charges in detail, and the record clearly indicates that the defendant entered a plea of guilty to each and every one of the twenty-one counts.

It is the finding of the court that counsel for the defendant failed to properly represent the defendant in the within cause.

The court finds that the other claims of the petition such as the failure to properly challenge the search warrant is not well taken for the reason that the defendant is vague as to whether or not he properly informed his counsel as to the circumstances under which the search took place.